OPINION OF THE COURT
David B. Saxe, J.
Petitioner, a police officer since 1969 and a detective since 1981 with the City of New York Police Department seeks an order suppressing evidence in a department disciplinary proceeding on the ground that the items respondent seeks to introduce into evidence against him were unlawfully seized from him by FBI agents without a warrant.
The petitioner, in addition to being a police officer is a partner in a retail clothing shop. Allegedly, without knowledge that certain items of clothing were stolen goods, the petitioner purchased and displayed these goods for sale. Apparently the suits in question legally belonged to Biderman Industries which were stolen in connection with a hijacking of a truck on September 30, 1982.
*1028 When Biderman learned that the stolen items might be at petitioner’s store it sent a private detective agency there to investigate. When they visited petitioner’s store they removed certain tags and labels from the garments in the store which confirmed their suspicions. Thereafter, in October, 1982, FBI agents accompanied by representatives of Biderman Industries entered petitioner’s store during business hours whereupon the goods identified by Biderman as their property were confiscated by the FBI authorities.
Petitioner cooperated with the United States Attorney’s investigation of the hijacking and was informed that no criminal charges would be brought against him.
The Internal Affairs Division of the Police Department, however, decided to investigate this incident and then brought formal departmental charges against petitioner. On November 8,1983, petitioner was suspended from duty pending determination of the charges and specifications at an administrative departmental trial which was commenced on December 12, 1983.
Upon learning that no warrant had been obtained to search the store, the hearing officer, who, under the authority of Matter of Finn’s Liq. Shop, v State Liq. Auth. (24 NY2d 647, 656, cert den 396 US 840) does not have the power to suppress evidence, stayed the proceeding to permit petitioner to bring this motion seeking an order suppressing the evidence.
The petitioner contends that these goods were seized in violation of his Fourth Amendment constitutional rights and under the authority of Mapp v Ohio (367 US 643) and its progeny, the exclusionary rule is applicable mandating suppression of the evidence.
It is the respondent’s position that the exclusionary rule is not applicable to civil disciplinary proceedings and thus, even if the search by the Federal criminal law enforcement officers violated the petitioner’s Fourth Amendment rights, suppression of petitioner’s evidence in the civil departmental proceeding is not proper. In support of this, the respondents rely on United States v Janis (428 US 433, 459-460). The court stated: “We * * * hold that the judicially created exclusionary rule should not be extended to *1029 forbid the use in the civil proceeding of one sovereign of evidence seized by a criminal law enforcement [officer] of another sovereign.”
The petitioner has attempted to distinguish the Janis case (supra) both on the law and facts. Contrary to the petitioner’s contention, I find that the instant case falls within the realm of the Janis case and accordingly hold that the evidence should not be suppressed.
Alternatively, I hold that even if United States v Janis (supra) is not controlling, the evidence should nevertheless not be suppressed based on the balancing test set forth in United States v Calandra (414 US 338). The court in Calandra balanced the potential benefits of applying the exclusionary rule (i.e., deterrence) against the potential damage from such application. It is important to note, in the first instance, that it is a member of the police department in an occupation of high public interest and trust that is seeking to invoke the exclusionary rule.
An important consideration under Calandra (supra) is the extent to which exclusion would deter, or nonexclusion would encourage, illegal searches and seizures. (See 1 LaFave, Search and Seizure, § 1.5.) Here the New York City Police Department did not participate in the seizure but was merely the recipient of the fruits of an allegedly illegal seizure by Federal agents. Further, the search and seizure was not directed at the petitioner based on his status as a police officer or detective and thus it cannot be said that the allegedly illegal seizure was based on an intention that the evidence would be used in a civil proceeding against the petitioner.
Based on the above factors, I hold that the evidence should not be suppressed at the civil departmental trial.
Petition dismissed.